IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGEL MCFADDEN WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIV. A. NO. 23-284-JB-MU ) |
| TRANSUNION, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

This action is before the court on the Opposed Joint Motion to Stay Discovery Pending Arbitration (Doc. 29) submitted by Defendants Transunion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc. (collectively "the Consumer Reporting Agency Defendants" or "CRA Defendants"). This motion has been referred to the undersigned Magistrate Judge for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). For the reasons discussed below, the CRA Defendants' Joint Motion to Stay Discovery is **GRANTED** and discovery in this case is **STAYED** pending a ruling on the CRA Defendants' Motion for Judgment on the Pleadings.

## Background

On October 27, 2023, Plaintiff and Defendant OneMain filed a Joint Stipulation to Arbitrate as to claims between those two parties. (Doc. 21). On November 7, 2023, the CRA Defendants filed this Joint Motion to Stay Discovery. (Doc. 29). The CRA Defendants requested that discovery be stayed pending arbitration between Plaintiff and OneMain. In addition, they requested that discovery be stayed pending a forthcoming

"fully dispositive" Joint Motion for Judgment on the Pleadings that they planned to file before the end of the year. (*Id.* at PageID.144). A Notice of Settlement between Plaintiff and OneMain was filed on November 13, 2023 (Doc. 36), making the request to stay discovery pending arbitration between these parties moot. The CRA Defendants filed their Joint Motion for Judgment on the Pleadings on December 1, 2023. (Doc. 40). That motion is currently set to be taken under submission by Judge Beaverstock after briefing concludes on February 8, 2024. (Doc. 44). As the request to stay pending arbitration is now moot, the undersigned will consider only the request to stay pending a resolution of the Motion for Judgment on the Pleadings.

## Legal Analysis

The analysis in this District for deciding whether a stay of discovery is warranted was succinctly summarized in *Nelson v. Nationstar Mortgage LLC*, No. CV 19-1005-WS-B, 2020 WL 5440363, at *1–2 (S.D. Ala. July 31, 2020):

> Courts are accorded great discretion in regulating discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In exercising this discretion, Federal Rule of Civil Procedure 26(c) permits a court to stay discovery if the movant demonstrates good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). However, motions to stay discovery are not favored because delays in discovery "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).
>
> *A stay of discovery may be warranted when a pending dispositive motion will dispose of the entire case and thereby eliminate the need for discovery. Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). *Dispositive motions presenting pure legal questions may appropriately be resolved before discovery begins, but motions that turn on findings of fact "may require some limited discovery before a meaningful ruling can be made." Id.* at 1367.

(Emphasis added). In addition, the Eleventh Circuit has held:

2

> Facial challenges to the legal sufficiency of a claim or defense… should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. *See Mitchell v. Duval County Sch. Bd.,* 107 F.3d 837, 838 n. 1 (11th Cir.1997) (per curiam). Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997).

While the Court notes that motions to stay discovery are generally not favored, good cause exists here for a temporary stay in discovery pending a resolution of the Motion for Judgment on the Pleadings. A preliminary review of the motion reveals that it could fully dispose of all claims against the remaining defendants. Further, the motion raises purely legal, threshold questions of whether, taking the allegations in the Complaint as true, Plaintiff has stated a claim against the CRA Defendants. As a result, it is reasonable to await a determination of whether Plaintiff has a claim before requiring the three CRA Defendants to engage in what may be needless discovery. Finally, the Court has not yet conducted a Scheduling Conference or issued a Scheduling Order, so there are currently no discovery deadlines set by the Court that will be impacted by this stay.

Accordingly, the CRA Defendants' Joint Motion to Stay Discovery (Doc. 29) is **GRANTED,** and discovery in this case is **STAYED** pending a ruling on the CRA Defendants' Motion for Judgment on the Pleadings.

**DONE** this the 12th day of December, 2023.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**